IN THE UNITED STATES DISTRICT COURT
FOR DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Michael Curtis Reynolds,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Correctional Officer Palumbo, OIA Officer Jane Doe,<br>　　　　　Defendants. | C/A No.: 2:25-cv-13377-SAL<br><br><br>**ORDER** |

Plaintiff Michael Curtis Reynolds, proceeding *pro se*, filed this action seeking relief pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). This matter is before the court on the Report and Recommendation (the "Report") issued by United States Magistrate Judge Mary Gordon Baker made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). [ECF No. 5.] The Report recommends the court transfer this case to the Middle District of Pennsylvania because the complaint appears to involve two primary events that occurred while Plaintiff was housed at the Federal Correctional Institution, Schuylkill ("FCI Schuylkill") in Minersville, Pennsylvania. *Id.* at 1. As explained in the Report, this is not the proper venue for Plaintiff's claims. *See* 28 U.S.C. § 1391. Defendants are not citizens of South Carolina, nor did the events giving rise to Plaintiff's claims occur in this state. *Id.* at 2.

Plaintiff was advised of his right to file objections to the Report. *See id.* at 4. He did not file objections, but, the same day the Report issued, the court received a document entitled "supplemental brief" in which Plaintiff raises additional claims against a Warden at FCI Schuylkill and the Director of the Bureau of Prisons. [ECF No. 8.] These supplemental claims do not change the analysis offered by Judge Baker. *See* ECF No. 5. This is not the proper venue for Plaintiff's

1

case. And Plaintiff has not objected to the recommendation that this case be transferred to the Middle District of Pennsylvania.

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a *de novo* determination of only those portions of the Report that have been specifically objected to, and the court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). In the absence of objections, the court is not required to provide an explanation for adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

Finding no clear error in the Report, ECF No. 5, it is adopted and incorporated. Accordingly, this action is **TRANSFERRED** to the Middle District of Pennsylvania.

**IT IS SO ORDERED.**

February 2, 2026                                      Sherri A. Lydon
Columbia, South Carolina                              United States District Judge

2